Douglas D. Gerrard, Esq.
Nevada Bar No. 4613
dgerrard@gerrard-cox.com
Nathan R. Henderson, Esq.
Nevada Bar No. 13145
nhenderson@gerrard-cox.com
**GERRARD, COX & LARSEN**
2450 St. Rose Pkwy., Suite 200
Henderson, NV 89074
(702) 796-4000

Melanie D. Morgan, Esq.
Nevada Bar No. 8215
darren.brenner@akerman.com
Scott R. Lachman, Esq.
Nevada Bar No. 12016
scott.lachman@akerman.com
**AKERMAN LLP**
1160 Town Center Drive, Suite 330
Las Vegas, Nevada 89144
Tel: (702) 634-5000
Fax: (702) 380-8572
*Attorneys for Plaintiff / Counterdefendant*
BANK OF AMERICA, N.A.

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| BANK OF AMERICA, N.A.<br><br>Plaintiff,<br><br>v.<br><br>PALM HILLS HOMEOWNERS ASSOCIATION, INC.; VERN ELMER; and NEVADA ASSOCIATION SERVICES, INC.<br><br>Defendants. | Case No.: 2:16-cv-00614-APG-GWF<br><br>**[PROPOSED]** **STIPULATION AND ORDER TO EXTEND DISCOVERY DEADLINES**<br><br>**[SECOND REQUEST]** |
| VERN ELMER, an individual,<br><br>Counterclaimant,<br><br>vs.<br><br>BANK OF AMERICA, N.A., a National Association; DOE INDIVIDUALS I-X; and ROE CORPORATIONS I-X, inclusive.<br><br>Counterdefendants. | |

## [PROPOSED] STIPULATION AND ORDER TO EXTEND DISCOVERY DEADLINES [SECOND REQUEST]

Pursuant to Local Rules IA 6-1 and 26-4, Plaintiff/Counterdefendant BANK OF AMERICA, N.A. ("BANA"), by and through its attorneys Gerrard Cox Larsen; Defendant PALM HILLS HOMEOWNERS ASSOCIATION, INC., ("Palm Hills HOA") by and through its attorneys Boyack Orme & Anthony; Defendant NEVADA ASSOCIATION SERVICES, INC. ("NAS"), by and thorough its attorney, Brandon E. Wood, Esq.; and Defendant/Counterclaimant VERN ELMER ("Elmer"), by and through his attorneys, Ayon Law PLLC (collectively, the "Parties"); hereby stipulate and agree, subject to approval by the Court, to extend the discovery deadline set out in the Stipulation and Order to Extend Discovery Deadlines [First Request] dated October 16, 2017 [ECF No. 48], as further set forth herein.

## I.

## INTRODUCTION AND RELEVANT PROCEDURAL HISTORY

On Match 18, 2016, BANA filed its Complaint in this case. [ECF No. 1].

On April 7, 2016, Palm Hills HOA filed its Answer. [ECF No. 9].

On April 25, 2016, NAS filed its Answer. [ECF No. 14].

On April 22, 2016, BANA served its Initial Disclosures of Witness and Documents pursuant to Fed. R. Civ. P. 26(A)(1).

On May 17, the Parties submitted their proposed Joint Discovery Plan and Scheduling Order, and on May 18, 2016, the Court entered its Order approving the same. [ECF No. 23].

On June 20, 2016, Elmer filed his Answer and a Counterclaim against BANA. [ECF No. 31].

On July 27, 2016, BANA filed its Answer to the Counterclaim. [ECF No. 35].

On August 19, 2016, the Court, *sua sponte,* entered its Order Temporarily Staying the Case, pending the Ninth Circuit issuing a mandate in *Bourne Valley Court Tr. v. Wells Fargo Bank, NA* (the "Stay Order") [ECF No. 36].

//

//

2

On December 14, 2016, the Ninth Circuit issued its mandate in *Bourne Valley*. And on June 26, 2017, the United States Supreme Court denied the *Bourne Valley* petition to the United States Supreme Court for a writ of certiorari.

On July 27, 2017, BANA filed its Motion to Lift Stay, based on the *Bourne Valley* appellate court rulings. [ECF No. 44].

On September 6, 2017, this Court entered its Order Granting Motion to Lift Stay. [ECF No. 46] (the "Order Lifting Stay"). The Court's Order Lifting Stay provides that the "[t]he stay in this case is lifted for all purposes".

On October 16, 2017, the Court entered a Stipulation and Order to Extend Discovery Deadlines [First Request] [ECF No. 48] to reopen discovery following the Order Lifting Stay and set a new date for the close of discovery of April 9, 2018. The parties have been diligently engaged in discovery and anticipate that all discovery could be completed by April 9, 2018 were it not for a scheduling conflict preventing the deposition of the Rule 30(b)(6) designee for Nevada Association Services, Inc. ("NAS Designee") to be taken before that date. Because of several depositions and trials scheduled between now and April 9th, the earliest that the NAS Designee can be available for deposition is April 19, 2018. The Parties therefore now propose extending discovery to one week after the NAS Designee's first date of availability to April 28, 2018, in order both to allow the NAS Designee's deposition to be taken and to allow an extra week for any contingencies that may arise that would prevent the NAS Designee's deposition being taken on April 19, 2018.

**II.**

**STATEMENT OF AUTHORITIES AND
PROPOSED AMENDED DISCOVERY DEADLINES**

**A.  LR 26-4 - EXTENSION OF SCHEDULED DEADLINES**

LR 26-4 governs the extension of discovery deadlines, and provides in relevant part:

> **A motion or stipulation to extend any date set by the discovery plan, scheduling order, or other order must, in addition to satisfying the requirements of LR IA 6-1, be supported by a showing of good cause for the extension.** A motion or stipulation to extend a deadline set forth in a discovery plan must be received by the court no later than 21 days before the expiration of the subject deadline. A request made within 21 days of the subject deadline must be supported by a showing of good cause. A request made after the expiration of the subject deadline will not be granted unless the movant also

3

demonstrates that the failure to act was the result of excusable neglect. A motion or stipulation to extend a discovery deadline or to reopen discovery must include:

(a) A statement specifying the discovery completed;

(b) A specific description of the discovery that remains to be completed;

(c) The reasons why the deadline was not satisfied or the remaining discovery was not completed within the time limits set by the discovery plan; and

(d) A proposed schedule for completing all remaining discovery.

(emphasis added).

**B.     STATEMENT PURSUANT TO LR 26-4:**

**1.     Completed Discovery.**

To date, the following discovery has been completed in this case:

(i). BANA's initial disclosures (served on April 22, 2016).

(ii). Palm Hills HOA's initial disclosures (served on May 12, 2016).

(iii). BANA served its Initial Expert Disclosure (November 7, 2016).

(iii). BANA served discovery requests on Nevada Association Services, Inc. and Vern Elmer (December 13, 2017).

(iv). The Parties are in the process of scheduling depositions for NAS, Palm Hills HOA and Elmer.

**2.     Discovery That Remains to Be Completed.**

BANA's discovery requests need to be responded to by all parties. NAS and Elmer need to provide initial disclosures.

**3.     Reasons Why The Discovery Deadline Was Not Satisfied.**

Good cause exists for the Court to extend the close of discovery. The sole need for an extension of discovery arises out of a scheduling conflict which will require the NAS Designee's deposition to be taken after the date currently set for the close of discovery.

//

//

//

4

**4.     Proposed Schedule For Completing All Remaining Discovery.**

LR 26-1(b)(1) provides that "[u]nless the court orders otherwise, discovery periods longer than 180 days from the date the first defendant answers or appears will require special scheduling review".

The Parties STIPULATE and AGREE to amend and extend the discovery dates set forth in the Stipulation and Order to Extend Discovery Deadlines [First Request] dated October 16, 2017 [ECF No. 48], according to the following schedule:

**Pre-Discovery Disclosures**. The Parties who have not yet done so will make their pre-discovery disclosures, including but not limited to any computation(s) of damages required pursuant to FRCP 26(a)(i)(A)(iii), by **Friday, October 20, 2017**.

**Discovery Cut-Off Date**. The discovery cut-off date shall be extended to **Monday, April 26, 2018**.

**Amending Pleadings and Adding Parties**. The Parties shall have until **Tuesday, January 9, 2018**, to file any motions to amend the pleadings to add Parties, ninety (90) days prior to the discovery cut-off date, pursuant to LR26-1(b)(2).

**FRCP 26(a)(2) Disclosures of Experts**. Expert witness disclosures shall be made on or before **Thursday, February 8, 2018**, sixty (60) days prior to the discovery cut-off. Disclosures regarding rebuttal experts shall be made on or before **Monday, March 12, 2018**, thirty (30) days after the initial disclosure of experts. The requirements of FRCP 26(a)(2)(B) shall apply to any such disclosures.

**Interim Status Report**. The Parties shall file the interim status report required by LR 26-3 by **Monday, February 26, 2018**, fifty-nine (59) days prior to the discovery cut-off date.

**Dispositive Motions**. The Parties shall have until **Monday, May 26, 2018**, to file dispositive motions, thirty-one (31) days after the discovery cut-off. In the event the discovery cut-off is extended, the deadlines for filing dispositive motions automatically will be extended until thirty (30) days after the new discovery cut-off date.

/ /

**Pre-Trial Order**.  The Parties will prepare a Consolidated Pre-Trial Order on or before **Monday, June 25, 2018**, which is not more than thirty (30) days after the date set for filing dispositive motions in the case. This deadline will be suspended if dispositive motions are timely filed until thirty (30) days after the decision of the dispositive motions or until further order of the Court. The disclosure required by FRCP Rule 26(a)(3) and objections thereto, shall be made in the pretrial order.

**Court Conferences**.  The Parties are not requesting a conference with the Court regarding this proposed Stipulation and Order to Extend Discovery Deadlines. If the Court has questions regarding the dates proposed by the Parties, the Parties request a conference with the Court.

//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//

**Extensions or Modification of the Discovery Plan and Scheduling Order**. LR 26-4 governs modifications or extensions of this Discovery Plan and Scheduling Order. Any stipulation or motion to extend a deadline set forth in the discovery plan and scheduling order must be made not later than twenty-one (21) days before the subject deadline. Any stipulation or motion to extend the discovery cut-off period must be made no later than **Thursday, April 5, 2018**, twenty-one (21) days before the discovery cut-off date.

DATED this 8th day of February, 2018.

| | |
|---|---|
| **GERRARD COX LARSEN** | **BOYACK ORME & TAYLOR** |
| */s/ Douglas D. Gerrard, Esq.* <br> Douglas D. Gerrard, Esq. <br> Nevada Bar No. 4613 <br> Nathan R. Henderson, Esq. <br> Nevada Bar No. 13145 <br> 2450 St. Rose Parkway, Suite 200 <br> Henderson, NV 89074 <br> *Attorneys for Plaintiff / Counterdefendant Bank of America, N.A.* | */s/ Colli C. McKiever, Esq.* <br> Edward D. Boyack, Esq. <br> Nevada Bar No. 5229 <br> Colli C. McKiever, Esq. <br> Nevada Bar No. 13724 <br> 7432 W. Sahara Ave. <br> Las Vegas, Nevada 89117 <br> *Attorney for Defendant Palm Hills Homeowners Association* |
| **NEVADA ASSOCIATION SERVICES, INC.** | **AYON LAW, PLLC** |
| */s/ Brandon E. Wood, Esq.* <br> Brandon E. Wood, Esq. <br> Nevada Bar No. 12900 <br> 6224 West Desert Inn Road <br> Las Vegas, Nevada 89146 <br> *Attorney for Defendant Nevada Association Services, Inc.* | */s/ Luis A. Ayon, Esq.* <br> Luis A. Ayon, Esq. <br> Nevada Bar No. 9752 <br> 9205 W. Russell Road <br> Building 3, Suite 240 <br> Las Vegas, Nevada 89148 <br> *Attorneys for Defendant/Counterclaimant, Vern Elmer* |

**ORDER**

**IT IS SO ORDERED.**

/s/ George Foley Jr.
UNITED STATES MAGISTRATE JUDGE

DATED: February 9, 2018