UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| BANK OF AMERICA, N.A.,<br><br>    Plaintiff<br><br>v.<br><br>PALM HILLS HOMEOWNERS ASSOCIATION, INC., et al.,<br><br>    Defendants | Case No.: 2:16-cv-00614-APG-GWF<br><br>**Order Granting Plaintiff's Motion for Summary Judgment and Granting Defendant's Motion for Summary Judgment**<br><br>[ECF Nos. 65, 66] |

This is a dispute over whether a deed of trust still encumbers property located at 793 Vortex Avenue in Henderson, Nevada following a foreclosure sale conducted by the homeowners association (HOA). Plaintiff Bank of America, N.A. sues the HOA, defendant Palm Hills Homeowners Association, Inc.; Palm Hills' foreclosure agent, defendant Nevada Association Services, Inc.; and Vern Elmer, who purchased the property at the HOA sale. Elmer counterclaims against Bank of America to quiet title and for slander of title.

Bank of America moves for judgment on its quiet title claim. Palm Hills moves for judgment on Bank of America's claims against it. Elmer opposes Bank of America's motion but does not separately move for judgment.

The parties are familiar with the facts, so I will not repeat them here except where necessary. I grant Bank of America's motion as to the quiet title claims between Bank of America and Elmer. Because the HOA sale will not be unwound, I dismiss the quiet title claim against Palm Hills. I grant Palm Hills' motion as to the wrongful foreclosure and breach of good faith claims in that I dismiss these claims as moot.

/ / / /

# I. ANALYSIS

Summary judgment is appropriate if the movant shows "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a), (c). A fact is material if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

The party seeking summary judgment bears the initial burden of informing the court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. *Fairbank v. Wunderman Cato Johnson*, 212 F.3d 528, 531 (9th Cir. 2000). I view the evidence and reasonable inferences in the light most favorable to the non-moving party. *James River Ins. Co. v. Hebert Schenk, P.C.*, 523 F.3d 915, 920 (9th Cir. 2008).

**A. Quiet Title**

The federal foreclosure bar in 12 U.S.C. § 4617(j)(3) provides that "in any case in which [the Federal Housing Finance Agency (FHFA)] is acting as a conservator," "[n]o property of [FHFA] shall be subject to . . . foreclosure[ ] or sale without the consent of [FHFA]." Bank of America argues that Fannie Mae purchased the deed of trust and associated note prior to the HOA foreclosure sale. Bank of America contends that under the federal foreclosure bar, the HOA sale could not extinguish Fannie Mae's interest in the property because, at the time of the sale, FHFA was acting as Fannie Mae's conservator and FHFA had not consented to foreclosure of Fannie Mae's interest.

Palm Hills contends that Bank of America cannot assert the federal foreclosure bar on Fannie Mae's behalf. Palm Hills and Elmer argue that the evidence that Bank of America presents does not establish Fannie Mae's interest and Fannie Mae did not record its interest as required under Nevada law. Alternatively, Elmer contends FHFA consented to the sale extinguishing Fannie Mae's interest because Fannie Mae's servicer did not act to prevent it. Finally, Elmer argues he is a bona fide purchaser for value.

Bank of America has standing in this case as Fannie Mae's servicer to raise the federal foreclosure bar.[1] *See e.g.*, *Saticoy Bay, LLC Series 2714 Snapdragon v. Flagstar Bank, FSB*, 699 Fed. App'x 658 (9th Cir. Oct. 20, 2017) (holding a loan servicer acting as Fannie Mae's agent may assert federal preemption); *Nationstar Mortgage, LLC v. SFR Investments Pool 1, LLC*, 396 P.3d 754, 758 (Nev. 2017) (en banc) (same). The question of whether the federal foreclosure bar preserves Fannie Mae's interest in the property following the HOA's foreclosure sale is controlled by *Berezovsky v. Moniz*, 869 F.3d 923 (9th Cir. 2017). In that case, the Ninth Circuit held that the federal foreclosure bar preempts Nevada law and precludes an HOA foreclosure sale from extinguishing Fannie Mae's[2] interest in property without FHFA's affirmative consent. *Id.* at 927-31.

The *Berezovsky* court accepted as proof of ownership the same type of evidence offered in this case. *Id.* at 932-33. Consequently, Bank of America has met its initial burden of showing Fannie Mae owned an interest in the property at the time of the sale. The burden thus shifts to

---

[1] To the extent Palm Hills also asserts that FHFA did not succeed to Fannie Mae's property, that argument fails. *See Fed. Home Loan Mortg. Corp. v. SFR Investments Pool 1, LLC*, 893 F.3d 1136, 1144-46 (9th Cir. 2018).

[2] *Berezovsky* involved the Federal Home Loan Mortgage Corporation ("Freddie Mac"), but there is no material difference between Freddie Mac and Fannie Mae for these purposes. Both were placed into conservatorship under FHFA, and the federal foreclosure bar prohibits the non-consensual foreclosure of FHFA's assets. *Berezovsky*, 869 F.3d at 925-27.

Elmer and Palm Hills to present evidence raising a genuine dispute about Fannie Mae's interest. They have not done so. Instead, they express doubt about Bank of America's evidence. But the defendants must show "more than metaphysical doubt as to the material facts," and they have "not done so here." *Id.* at 933 (quotation omitted). Consequently, no genuine dispute remains that Fannie Mae owned an interest in the property at the time of the HOA foreclosure sale.

Elmer's argument that FHFA consented because Fannie Mae did nothing to prevent the HOA sale from proceeding does not preclude judgment in Bank of America's favor. *See id*. at 929 ("The Federal Foreclosure Bar does not require the Agency to actively resist foreclosure."). The federal foreclosure bar's "plain text . . . does not necessitate a decision by FHFA not to consent to a given foreclosure sale; rather, the bar on foreclosure sales lacking FHFA's consents applies by default." *Fed. Home Loan Mortg. Corp. v. SFR Investments Pool 1, LLC*, 893 F.3d 1136, 1149 (9th Cir. 2018). Thus, absent some affirmative action by FHFA consenting to a particular extinguishment, the federal foreclosure bar operates automatically to protect FHFA's assets. There is no evidence FHFA consented to this sale extinguishing the deed of trust.

Nor did the absence of Fannie Mae's name in the recorded documents at the time of the HOA sale result in the sale extinguishing Fannie Mae's interest. "Nevada law requires recording of a lien for it to be enforceable, but does not mandate that the recorded instrument identify the note owner by name." *Berezovsky*, 869 F.3d at 932 (citing Nev. Rev. Stat. § 106.210). "Nevada law thus recognizes that, in an agency relationship, a note owner remains a secured creditor with a property interest in the collateral even if the recorded deed of trust names only the owner's agent." *Id.* (citing *In re Montierth*, 354 P.3d 648, 651 (Nev. 2015)); *see also Fed. Home Loan Mortg. Corp.*, 893 F.3d at 1149-50. Bank of America has presented evidence that it was Fannie Mae's loan servicer at the time of the HOA sale. ECF No. 75-2 at 4. The defendants do not

present any contrary evidence. Finally, Elmer's status as a bona fide purchaser is irrelevant because "Nevada's law on bona fide purchasers is preempted by the federal foreclosure bar." *JPMorgan Chase Bank, N.A. v. GDS Fin. Servs.*, No. 2:17-cv-02451-APG-PAL, 2018 WL 2023123, at *3 (D. Nev. May 1, 2018).

As a result, Bank of America is entitled to judgment as a matter of law on its quiet title claim and necessarily is also entitled to judgment on Elmer's quiet title, declaratory relief, and slander of title counterclaims. Elmer took title to the property subject to the deed of trust because under the federal foreclosure bar the HOA sale could not extinguish Fannie Mae's interest in the property. I dismiss as moot Bank of America's quiet title claim as to Palm Hills because it is no longer a necessary party to the claim given that the foreclosure sale will not be unwound.

**B. Section 116.1113 and Wrongful Foreclosure**

The complaint's allegations and prayer for relief request damages against Palm Hills for bad faith and wrongful foreclosure if the court determines the HOA foreclosure sale extinguished the deed of trust. ECF No 1 at 9-10, 12. Because I grant summary judgment in Bank of America's favor that its deed of trust was not extinguished, Bank of America has received the relief it requested. I therefore dismiss as moot the alternative damages claims against Palm Hills.[3]

////

////

---

[3] To the extent Bank of America is contending these claims are not alternative, but instead are based on Palm Hills purporting to foreclose on a superpriority lien, it has presented no evidence that Palm Hills ever represented to anyone that it was foreclosing or had foreclosed on a superpriority lien that would extinguish the deed of trust.

## II. CONCLUSION

IT IS THEREFORE ORDERED that plaintiff Bank of America, N.A.'s motion for summary judgment **(ECF No. 66) is GRANTED**. It is hereby declared that the homeowners association's non-judicial foreclosure sale conducted on November 16, 2012 did not extinguish the deed of trust encumbering the property located at 3793 Vortex Avenue in Henderson, Nevada, and thus the property is subject to the deed of trust.

IT IS FURTHER ORDERED that defendant Palm Hills Homeowners Association, Inc.'s motion for summary judgment **(ECF No. 65) is GRANTED** in that plaintiff Bank of America, N.A.'s claims against defendant Palm Hills Homeowners Association, Inc. are dismissed as moot.

IT IS FURTHER ORDERED that plaintiff Bank of America, N.A. and defendant Nevada Association Services, Inc. shall file a status report on or before March 22, 2019 regarding Bank of America's damages claims against Nevada Association Services, Inc., which remain pending because no party moved for judgment on those claims, but which likely are subject to dismissal for the same reasons as stated with respect to defendant Palm Hills.

DATED this 27th day of February, 2019.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE